# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BROOKFIELD PROPERTIES RETAIL INC., ) <br> BROOKFIELD PROPERTIES R LLC, ) <br> WOODBRIDGE CENTER PROPERTY LLC, ) <br> and WOODBRIDGE CENTER LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SELECTIVE INSURANCE COMPANY OF ) <br> AMERICA, ) <br> ) <br> Defendant. ) <br> ) | Case No. _____ |

## NOTICE OF REMOVAL

Defendant Selective Insurance Company of American ("Selective"), by and through its attorneys, Foley & Lardner LLP, hereby respectfully removes the instant case from the Circuit Court of Cook County, Illinois, where it is captioned *Brookfield Properties Retail Inc., et al. v. Selective Insurance Company of America*, Case No. 2023 CH 6917, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332 and 1441.

Selective removes this case to this Court pursuant to 28 U.S.C. § 1441(b) because the United States District Court has original jurisdiction over the case under 28 U.S.C. § 1332, as the case involves citizens of different States and the amount in controversy exceeds $75,000. In support of this notice of removal, and in accordance with 28 U.S.C. § 1446, Selective states as follows:

**I.     Introduction**

      1.     On July 27, 2023, Plaintiffs Brookfield Property Retail Inc., Brookfield Properties R LLC, Woodbridge Center Property LLC, and Woodbridge Center LLC filed their Complaint ("Complaint" or "Compl.") in the Circuit Court of Cook County, Illinois, Case No. 2023 CH 6917. Selective was served with a summons and a copy of the Complaint on November 17, 2023. *See* Exhibit A, Summons and Complaint a 1.  Thus, removal to this Court is timely, as this Notice of Removal is filed within thirty (30) days after service of the initial pleading on which this action is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999).

      2.     A true and correct copy of all process, pleadings, and orders served upon Selective is, in accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Cook County, Illinois today and is being served on Plaintiffs.

      3.     This action is pending in the Circuit Court for Cook County, Illinois, which is within this judicial district.  *See* 28 U.S.C. § 93(a)(1).  Thus, this Court is the proper venue for removal under 28 U.S.C. § 1441(a).[1]

**II.     This Case Is Properly Removed Because This Court Has Diversity Jurisdiction**

      4.     This Court has original diversity jurisdiction over the parties' dispute pursuant to 28 U.S.C. § 1332, and it therefore may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

---

[1] Selective asserts only that this Court is the proper venue for the instant removal of this action to federal court.  Selective does not concede, and reserves the right to challenge, that venue in this Court is proper pursuant to 28 U.S.C. § 1391.

5. Selective is a New Jersey corporation with its principal place of business in New Jersey.

6. Based on review of publicly available information on the website of the Division of Corporations of the Delaware Department of State, Plaintiff Brookfield Properties Retail Inc. is a corporation organized under the law of the state of Delaware. Based on Plaintiffs' allegations in paragraph 5 of the Complaint that Brookfield Properties Retail Holding, LLC is the ultimate parent of the Plaintiffs and has its principal place of business in Illinois, *see* Compl. at ¶ 5, Plaintiff Brookfield Properties Retail Inc. has its principal place of business in Illinois. Thus, Plaintiff Brookfield Properties Retail Inc. is a citizen of Delaware and Illinois.

7. The determination of diversity jurisdiction in regard to an LLC depends on the citizenships of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citing *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007)); *see also Carden v. Arkoma Associates*, 494 U.S. 185, (1990). The Complaint does not identify the members of the remaining three Plaintiffs, Brookfield Properties R LLC, Woodbridge Center Property LLC, and Woodbridge Center LLC, other than to state that Brookfield Properties Retail Holding, LLC is the ultimate parent. *See id.* The Complaint does not identify the members of Brookfield Properties Retail Holding, LLC either.

8. Selective has conducted a diligent inquiry of information available on the websites of various secretaries of state, as well as on PACER and through published cases, to try to identify members of Plaintiffs Brookfield Properties R LLC, Woodbridge Center Property LLC, Woodbridge Center LLC, as well as members of Brookfield Properties Retail Holding, LLC, whom the Plaintiffs identified as the ultimate parent. While membership information of these

3

LLCs is not available, Selective's inquiry has not identified any information indicating that members of these LLCs are citizens of New Jersey.

9. Thus, there is complete diversity of citizenship between Plaintiffs and Selective.

10. The amount in controversy with respect to Plaintiffs' claim against Selective exceeds $75,000.

11. In determining whether the diversity jurisdiction threshold amount in controversy of $75,000 is satisfied, district courts consider the totality of the relief sought, which "includes monetary damages, attorney's fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home Depot, Inc. v. Ricker*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

12. A notice of removal may set forth the amount in controversy where the initial pleading seeks nonmonetary relief. 28 U.S.C. § 1446(c)(A)(i). Plaintiffs' claim against Selective seeks only declaratory relief. *See* Compl. at 1.

13. Plaintiffs allege that they are additional insureds under a policy of insurance (the "Policy") issued by Selective to Liberty Service Sweeping, LLC ("Liberty Service") as a named insured, covering a period of 6/20/19 to 6/20/20. *See* Compl. at ¶ 23.

14. Plaintiffs allege that, pursuant to the Policy, Selective is required to defend and to indemnify Plaintiffs, as additional insureds, with respect to claims asserted against the Plaintiffs, Liberty Service and others in a personal injury lawsuit filed in the Superior Court for Middlesex County, New Jersey (the "Underlying Lawsuit"). *See* Compl. at ¶¶ 18-20; Ex. A to Compl.

15. The New Jersey court in the Underlying Lawsuit has already ordered Selective to pay over $65,000 for Plaintiffs' counsel in the Underlying Lawsuit. If no duty to defend and indemnify is ultimately found—whether because Plaintiffs are not additional insureds under the

Policy, because the indemnification provision in the contract between the Plaintiffs and Liberty Service is invalid or unenforceable, or because the indemnification has not been triggered for lack of any negligence on the part of Liberty Service—Selective will seek to recoup from Plaintiffs monies Selective has paid for Plaintiffs' counsel in the Underlying Lawsuit.

16.     Further, the plaintiffs in the Underlying Lawsuit seek damages against Plaintiffs and others totaling hundreds of thousands of dollars, including but not limited to medical bills worth approximately $38,000, as well as pain and suffering and loss of consortium.

17.     Thus, the total amount in controversy here exceeds $75,000.

18.     Because there is complete diversity and the amount in controversy requirement is satisfied, this action may be properly removed to this Court, and no further proceedings should be had in the Illinois state court.

**IV.     Conclusion**

19.     Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Selective of any fact alleged by Plaintiffs, of the validity or merits of any of Plaintiffs' allegations, or of any liability relating to the same, each of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Selective's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.  Further, by filing this Notice of Removal, Selective does not intend to waive, and hereby reserves, any objection as to service, personal jurisdiction, and all other procedural and substantive defenses which are available to it.

WHEREFORE, Selective Insurance Company of American hereby 1) removes this case to the United States District Court for the Northern District of Illinois, Eastern Division, 2) respectfully requests that no further proceedings be had in the Circuit Court for Cook County,

Illinois, and 3) requests that this Court grant such other and further relief as it deems just and proper.

Dated: December 15, 2023            Respectfully submitted,

*/s/ Mason D. Roberts*
Neal J. Moglin
Mason D. Roberts
nmoglin@foley.com
mroberts@foley.com
Foley & Lardner LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
312.832.4500
312.832.4700

*Attorneys for Selective Insurance Company of America*

## **CERTIFICATE OF SERVICE**

I, Mason D. Roberts, an attorney, hereby certify that on December 15, 2023, I caused the foregoing **NOTICE OF REMOVAL** to be served on the following parties, by First Class U.S. mail, postage prepaid, and my electronic mail, properly addressed to:

BROOKFIELD PROPERTIES RETAIL INC.,
BROOKFIELD PROPERTIES R LLC,
WOODBRIDGE CENTER PROPERTY LLC, and
WOODBRIDGE CENTER LLC
c/o Thomas J. Costello III, Esq.
Best, Vanderlaan & Harrington
25 E. Washington St., Suite 800
Chicago, IL 60602
eservice@bestfirm.com

                                                */s/ Mason D. Roberts*
                                                    Mason D. Roberts